UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
In the matter of the Arbitration of  :
:  Docket No. _____
SECURITY INSURANCE COMPANY OF HARTFORD :
Itself and as Successor in Interest to :
THE FIRE AND CASUALTY INSURANCE COMPANY :
OF CONNECTICUT and THE CONNECTICUT :
INDEMNITY COMPANY, :  **EMERGENCY**
:  **DECLARATION OF**
             Petitioner, :  **REGAN A. SHULMAN**
:  **IN SUPPORT OF**
     -against- :  **ORDER TO SHOW CAUSE**
:
COMMERCIAL RISK REINSURANCE COMPANY :
LIMITED (BERMUDA) and COMMERCIAL RISK RE- :
INSURANCE COMPANY (VERMONT), :
:
            Respondents. :
:
------------------------------------x

    **REGAN A. SHULMAN**, hereby declares under penalty of perjury that the following is true and correct:

1. I am associate with the of the firm of Stroock & Stroock & Lavan LLP, attorneys for Petitioners Security Insurance Company of Hartford, Itself and as Successor in Interest to The Fire and Casualty Insurance Company of Connecticut and The Connecticut Indemnity Company ("Petitioner"). I make this Emergency Declaration, pursuant to Local Rule 6.1(d), in support of Petitioner's Order to Show Cause.

2. The parties to the instant case are parties to an arbitration in which a June 25-29, 2007 Arbitration Hearing has been set. As fully detailed in the accompanying Petition for an Order Compelling Arbitration, Respondents have indicated their refusal to comply with

the agreed upon terms of the arbitration agreement, and as a result, threaten to delay the scheduled Arbitration Hearing.

3. I declare that this ex parte motion, and the expedited briefing schedule and oral argument it seeks, are necessary under the instant circumstances because, due to the delay caused by Respondents' refusal to arbitrate as agreed, there is an imminent risk that the parties will be unable to proceed with their Arbitration Hearing currently scheduled for the week of June 25-29, 2007. A decision on the composition of the Arbitration Panel must necessarily precede any work the Panel can perform, and must be made sufficiently in advance to allow the Panel to prepare for the upcoming hearing, as scheduled.

4. Thus, Petitioner requests a five day period for opposition papers, if any, and a two day period for reply papers, if any, with oral argument promptly thereafter.

Dated: New York, New York
April 24, 2007

_____
REGAN A. SHULMAN (RAS-7543)