# EXHIBIT 6

ARBITRATION BOARD CONVENED IN
CHARLOTTE, NORTH CAROLINA
---------------------------------------------------------x

In the Matter of the Arbitration of

SECURITY INSURANCE COMPANY OF
HARTFORD Itself and as Successor in Interest to
THE FIRE AND CASUALTY INSURANCE
COMPANY OF CONNECTICUT and THE
CONNECTICUT INDEMNITY COMPANY,

                        Claimants,

                  -against-

COMMERCIAL RISK REINSURANCE
COMPANY LIMITED (BERMUDA) and
COMMERCIAL RISK RE-INSURANCE
COMPANY (VERMONT),
                        Respondents.

---------------------------------------------------------x

**DEMAND FOR ARBITRATION
AND STATEMENT OF CLAIM**

      Security Insurance Company of Hartford, on behalf of itself and as successor in interest to The Fire and Casualty Insurance Company of Connecticut and The Connecticut Indemnity Company ("Reinsured" or "Claimant") for its Statement of Claim in the above-captioned arbitration, states as follows:

## THE PARTIES

      1.    Claimant Security Insurance Company of Hartford is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Charlotte, North Carolina.

      2.    Respondent Commercial Risk Reinsurance Company Limited (Bermuda) ("Commercial Risk Bermuda") is a reinsurance company which, upon information and belief, is

organized and exists under the laws of Bermuda, with its principal place of business in Hamilton, Bermuda.

3. Respondent Commercial Risk Re-Insurance Company (Vermont) ("Commercial Risk Vermont") is a reinsurance company which, upon information and belief, is organized and exists under the laws of the State of Vermont, with its principal place of business in Stamford, Connecticut.

4. Commercial Risk Bermuda and Commercial Risk Vermont shall be referred to herein collectively as "Respondents" or "Reinsurers."

## FACTS COMMON TO ALL CLAIMS

5. Respondents entered into two quota share treaty reinsurance agreements with Claimant incepting May 1, 2000 and May 1, 2001, (the "Reinsurance Agreements," annexed hereto as Exhibits 1 and 2). The Reinsurance Agreement incepting May 1, 2001 was cancelled effective April 30, 2002.

6. The Reinsurance Agreements provided reinsurance coverage for losses occurring under the HPP Workers' Compensation Program. (Exhibits 1 and 2, Art. I).

7. Under the Reinsurance Agreement, Commercial Risk Bermuda agreed to a 90% quota share of Claimant's liabilities as described in the Reinsurance Agreements, while Commercial Risk Vermont agreed to a 10% quota share.

8. Article XXIII of the Reinsurance Agreements provides, in part, that "[i]t is the intent of the parties hereto that the Reinsurers shall follow the fortunes of the Company in all matters falling under the Contract."

9. Article XXIV of the Reinsurance Agreements states that "[e]xcept as otherwise provided under Article IX herein [Exclusions], all loss settlements made by the Company under the terms and conditions of the Covered Policies shall be binding upon the Reinsurer, and the Reinsurer agrees to pay or allow, as the case may be, its share of each such settlement in accordance with this Contract."

10. The Reinsurance Agreements contain an arbitration clause, Article XXXI, which provides that "[a]s a condition precedent to any right of action hereunder, any dispute or difference between the Company and any Reinsurer relating to the interpretation or performance of this Contract, including its formation or validity, or any transaction under this Contract, whether arising before or after termination, shall be submitted to arbitration." The arbitration clause provides for consolidated arbitration proceedings between the Reinsured and Reinsurers thereunder: "[i]f more than one reinsurer is involved in the same dispute, all such reinsurers shall constitute and act as one party for purposes of this clause provided that communication shall be made by the Company to each of the reinsurers constituting the one party, and provided, however, that nothing therein shall impair the rights of such reinsurers to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the Reinsurer under the terms of this Contract from several to joint."

11. A "Standstill Agreement" previously agreed to by Claimant and Respondents expired on June 30, 2005.

## AS AND FOR A FIRST CLAIM

12. Claimant has paid losses in connection with the HPP Workers' Compensation Program.

13. Claimant has paid all premiums due under the Reinsurance Agreements to Respondents.

14. To date, Respondents owe Claimant $100,402.00 as their quota share of losses under the Reinsurance Agreements.

15. In violation of the Reinsurance Agreements, Respondents have failed and refused to remit their respective loss payments to Claimant.

16. Respondents are obligated under Articles XXIII and XXIV of the Reinsurance Agreements to follow Claimant's fortunes and loss settlements, and Claimant's payment of losses on the HPP Workers' Compensation Program is unconditionally binding on Respondents.

17. Claimant has been damaged in an amount no less than $100,402.00 plus interest by Respondents' failure to pay sums due under the Reinsurance Agreements.

## AS AND FOR A SECOND CLAIM

18. The Reinsurance Agreements are binding and enforceable.

19. Claimant is entitled to a declaration that Respondents are required to indemnify Claimant pursuant to the Reinsurance Agreements, as sums become due and owing under those Reinsurance Agreements.

**WHEREFORE**, Claimant respectfully requests that an award be issued in its favor:

(1)    awarding it damages in the amount of $100,402.00 plus interest;

(2)    awarding it a declaration that the Reinsurance Agreements are binding and enforceable, and that Respondents are obligated thereunder to Claimant;

(3)    awarding it costs and fees incurred in this arbitration; and

(4)    such other relief as this Panel deems to be just and proper.

## APPOINTMENT OF ARBITRATORS

Claimant hereby appoints Martin Haber to serve as an arbitrator in this proceeding. Mr. Haber is qualified to serve as an arbitrator in this matter under Article XXXII of the Reinsurance Agreement. Claimant demands that Respondents appoint an arbitrator within thirty (30) days of the date of this demand and, in the event that Respondents fail to do so, Claimant will choose a second arbitrator on Respondents' behalf.

## LOCATION OF ARBITRATION

The arbitration hearing shall take place in Charlotte, North Carolina, Claimant's principal place of business.

Dated:  August 2, 2005
        New York, New York

                                        STROOCK & STROOCK & LAVAN LLP
                                        By: _____
                                              Michele L. Jacobson
                                        *Attorneys for Claimant*
                                        Security Insurance Company of Hartford Itself and
                                        as Successor in Interest to The Fire and Casualty
                                        Insurance Company of Connecticut, and The
                                        Connecticut Indemnity Company
                                        180 Maiden Lane
                                        New York, New York 10038
                                        (212) 806-5400

ARBITRATION BOARD CONVENED IN
CHARLOTTE, NORTH CAROLINA
-------------------------------------------------------- x

In the Matter of the Arbitration of

SECURITY INSURANCE COMPANY OF
HARTFORD Itself and as Successor in Interest to
THE FIRE AND CASUALTY INSURANCE
COMPANY OF CONNECTICUT and THE
CONNECTICUT INDEMNITY COMPANY,

                 Claimants,

      -against-

COMMERCIAL RISK REINSURANCE
COMPANY LIMITED (BERMUDA), and
COMMERCIAL RISK RE-INSURANCE
COMPANY (VERMONT),
                 Respondents.

-------------------------------------------------------- x

**DEMAND FOR ARBITRATION
AND STATEMENT OF CLAIM**

      Security Insurance Company of Hartford, on behalf of itself and as successor in interest to The Fire and Casualty Insurance Company of Connecticut and The Connecticut Indemnity Company ("Reinsured" or "Claimant") for its Statement of Claim in the above-captioned arbitration, states as follows:

## THE PARTIES

      1.     Claimant Security Insurance Company of Hartford is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Charlotte, North Carolina.

      2.     Respondent Commercial Risk Reinsurance Company Limited (Bermuda) ("Commercial Risk Bermuda") is a reinsurance company which, upon information and belief, is

SSL-DOCS2 70234857v2

organized and exists under the laws of Bermuda, with its principal place of business in Hamilton, Bermuda.

3. Respondent Commercial Risk Re-Insurance Company (Vermont) ("Commercial Risk Vermont") is a reinsurance company which, upon information and belief, is organized and exists under the laws of the State of Vermont, with its principal place of business in Stamford, Connecticut.

4. Commercial Risk Bermuda and Commercial Risk Vermont shall be referred to herein collectively as "Respondents" or "Reinsurers."

## FACTS COMMON TO ALL CLAIMS

5. Respondents entered into two quota share treaty reinsurance agreements with Claimant incepting March 15, 2000 and March 15, 2001, (the "Reinsurance Agreements," annexed hereto as Exhibits 1 and 2).

6. The Reinsurance Agreements provided reinsurance coverage for losses occurring under the NHE Workers' Compensation Program, including The CraneComp, The Horizon Workers' Compensation Program and Transportation Group. (Exhibits 1 and 2, Article I).

7. Under the Reinsurance Agreements, Commercial Risk Bermuda agreed to a 80% quota share of Claimant's liabilities as described in the Reinsurance Agreements, while Commercial Risk Vermont agreed to a 20% quota share.

8. Article XXIII of the Reinsurance Agrements provides, in part, that "[i]t is the intent of the parties hereto that the Reinsurer shall follow the fortunes of the Company in all matters falling under the Contract."

2

SSL-DOCS2 70234857v2

9. Article XXIV of the Reinsurance Agreements states that "[e]xcept as otherwise provided under Article IX herein [Exclusions], all loss settlements made by the Company under the terms and conditions of the Covered Policies shall be binding upon the Reinsurer, and the Reinsurer agrees to pay or allow, as the case may be, its share of each such settlement in accordance with this Contract."

10. The Reinsurance Agreements contain an arbitration clause, Article XXXI, which provides that "[a]s a condition precedent to any right of action hereunder, any dispute or difference between the Company and any Reinsurer relating to the interpretation or performance of this Contract, including its formation or validity, or any transaction under this Contract, whether arising before or after termination, shall be submitted to arbitration." The arbitration clause provides for consolidated arbitration proceedings between the Reinsured and Reinsurers thereunder: "[i]f more than one reinsurer is involved in the same dispute, all such reinsurers shall constitute and act as one party for purposes of this clause provided that communication shall be made by the Company to each of the reinsurers constituting the one party, and provided, however, that nothing therein shall impair the rights of such reinsurers to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the Reinsurer under the terms of this Contract from several to joint."

11. A "Standstill Agreement" previously agreed to by Claimant and Respondents expired on June 30, 2005.

3

## AS AND FOR A FIRST CLAIM

12. Claimant has paid losses in connection with the NHE Workers' Compensation Program.

13. Claimant has paid all premiums due under the Reinsurance Agreements to Respondents.

14. To date, Respondents owe the Claimants $1,312,704.00 as their quota share of losses under the Reinsurance Agreements.

15. In violation of the Reinsurance Agreements, Respondents have failed and refused to remit their respective loss payments to Claimant.

16. Respondents are obligated under Articles XXIII and XXIV of the Reinsurance Agreements to follow Claimant's fortunes and loss settlements, and Claimant's payment of losses on the NHE Workers' Compensation Program is unconditionally binding on Respondents.

17. Claimant has been damaged in an amount no less than $1,312,704.00 plus interest by the Respondents' failure to pay sums due under the Reinsurance Agreements.

## AS AND FOR A SECOND CLAIM

18. The Reinsurance Agreements are binding and enforceable.

19. Claimant is entitled to a declaration that Respondents are required to indemnify Claimant pursuant to the Reinsurance Agreements, as sums become due and owing under those Reinsurance Agreements.

**WHEREFORE,** Claimant respectfully requests that an award be issued in its favor:

(1) awarding it damages in the amount of $1,312,704.00 plus interest;

(2) awarding it a declaration that the Reinsurance Agreements are binding and enforceable, and that Respondents are obligated thereunder to Claimants;

(3) awarding it costs and fees incurred in this arbitration; and

(4) such other relief as this Panel deems to be just and proper.

### APPOINTMENT OF ARBITRATORS

Claimant hereby appoint Martin Haber to serve as an arbitrator in this proceeding. Mr. Haber is qualified to serve as an arbitrator in this matter under Article XXXII of the Reinsurance Agreement. Claimant demands that Respondents appoint an arbitrator within thirty (30) days of the date of this demand and, in the event that Respondents fail to do so, Claimant will choose a second arbitrator on Respondents' behalf.

SSL-DOCS2 70234857v2

## LOCATION OF ARBITRATION

The arbitration hearing shall take place in Charlotte, North Carolina, the Claimant's principal place of business.

Dated:    August 2, 2005
         New York, New York

                                    STROOCK & STROOCK & LAVAN LLP
                                    By: _____
                                        Michele L. Jacobson
                                    *Attorneys for Claimant*
                                    Security Insurance Company of Hartford Itself and
                                    as Successor in Interest to The Fire and Casualty
                                    Insurance Company of Connecticut, and The
                                    Connecticut Indemnity Company
                                    180 Maiden Lane
                                    New York, New York 10038
                                    (212) 806-5400

ARBITRATION BOARD CONVENED IN
CHARLOTTE, NORTH CAROLINA
------------------------------------------------------------x
In the Matter of the Arbitration of

SECURITY INSURANCE COMPANY OF
HARTFORD Itself and as Successor in Interest to
THE FIRE AND CASUALTY INSURANCE
COMPANY OF CONNECTICUT and THE
CONNECTICUT INDEMNITY COMPANY,

                Claimant,

         -against-

COMMERCIAL RISK REINSURANCE
COMPANY LIMITED (BERMUDA) and
COMMERCIAL RISK RE-INSURANCE
COMPANY (VERMONT),
                Respondents.
------------------------------------------------------------x

**DEMAND FOR ARBITRATION
AND STATEMENT OF CLAIM**

      Security Insurance Company of Hartford, on behalf of itself and as successor in interest to The Fire and Casualty Insurance Company of Connecticut and The Connecticut Indemnity Company ("Reinsured" or "Claimant") for its Statement of Claim in the above-captioned arbitration, states as follows:

## THE PARTIES

      1.    Claimant Security Insurance Company of Hartford is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Charlotte, North Carolina.

      2.    Respondent Commercial Risk Reinsurance Company Limited (Bermuda) ("Commercial Risk Bermuda") is a reinsurance company which, upon information and belief, is

SSL-DOCS2 70234816v2

organized and exists under the laws of Bermuda, with its principal place of business in Hamilton, Bermuda.

3.  Respondent Commercial Risk Re-Insurance Company (Vermont) ("Commercial Risk Vermont") is a reinsurance company which, upon information and belief, is organized and exists under the laws of the State of Vermont, with its principal place of business in Stamford, Connecticut.

4.  Commercial Risk Bermuda and Commercial Risk Vermont shall be referred to herein collectively as "Respondents" or "Reinsurers."

## FACTS COMMON TO ALL CLAIMS

5.  Respondents entered into a quota share treaty reinsurance agreement with Claimant incepting September 1, 2001, (the "Reinsurance Agreement," annexed hereto as Exhibit 1). The Reinsurance Agreement was cancelled effective June 30, 2002.

6.  The Reinsurance Agreement provided reinsurance coverage for losses occurring under the ORS Workers Compensation Program. (Exhibit 1, Art. I).

7.  Under the Reinsurance Agreement, Commercial Risk Bermuda agreed to a 80% quota share of the Claimant's liabilities as described in the Reinsurance Agreement, while Commercial Risk Vermont agreed to a 20% quota share.

8.  Article XXIII of the Reinsurance Agreement provides, in part, that "[i]t is the intent of the parties hereto that the Reinsurer shall follow the fortunes of the company in all matters falling under the Contract."

9. Article XXIV of the Reinsurance Agreement states that "[e]xcept as otherwise provided under Article IX herein [Exclusions], all loss settlements made by the Company under the terms and conditions of the Covered Policies shall be binding upon the Reinsurers, and the Reinsurers agrees to pay or allow, as the case may be, its share of each such settlement in accordance with this Contract."

10. The Reinsurance Agreement contains an arbitration clause, Article XXXI, which provides that "[a]s a condition precedent to any right of action hereunder, any dispute or difference between the Company and any Reinsurer relating to the interpretation or performance of this Contract, including its formation or validity, or any transaction under this Contract, whether arising before or after termination, shall be submitted to arbitration." The arbitration clause provides for consolidated arbitration proceedings between the Reinsured and Reinsurers thereunder: "[i]f more than one reinsurer is involved in the same dispute, all such reinsurers shall constitute and act as one party for purposes of this clause provided that communication shall be made by the Company to each of the reinsurers constituting the one party, and provided, however, that nothing therein shall impair the rights of such reinsurers to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the Reinsurer under the terms of this Contract from several to joint."

11. A "Standstill Agreement" previously agreed to by Claimant and Respondents expired on June 30, 2005.

3

## AS AND FOR A FIRST CLAIM

12. Claimant has paid losses in connection with the ORS Workers Compensation Program.

13. Claimants has paid all premiums due under the Reinsurance Agreement to Respondents.

14. To date, Respondents owe Claimant $61,241.00 as their quota share of losses under the Reinsurance Agreement.

15. In violation of the Reinsurance Agreement, Respondents have failed and refused to remit their respective loss payments to Claimant.

16. Respondents are obligated under Articles XXIII and XXIV of the Reinsurance Agreement to follow Claimant's fortunes and loss settlements, and the Claimant's payment of losses on the ORS Workers Compensation Program is unconditionally binding on the Respondents.

17. Claimant has been damaged in an amount no less than $61,241.00 plus interest by the Respondents' failure to pay sums due under the Reinsurance Agreement.

## AS AND FOR A SECOND CLAIM

18. The Reinsurance Agreement is binding and enforceable.

19. Claimant is entitled to a declaration that Respondents are required to indemnify Claimant pursuant to the Reinsurance Agreement, as sums become due and owing under that Reinsurance Agreement.

**WHEREFORE**, Claimant respectfully request that an award be issued in its favor:

(1) awarding it damages in the amount of $61,241.00 plus interest;

(2) awarding it a declaration that the Reinsurance Agreement is binding and enforceable, and that Respondents are obligated thereunder to Claimant;

(3) awarding it costs and fees incurred in this arbitration; and

(4) such other relief as this Panel deems to be just and proper.

## APPOINTMENT OF ARBITRATORS

Claimant hereby appoint Martin Haber to serve as an arbitrator in this proceeding. Mr. Haber is qualified to serve as an arbitrator in this matter under Article XXXII of the Reinsurance Agreement. Claimant demands that Respondents appoint an arbitrator within thirty (30) days of the date of this demand and, in the event that Respondents fail to do so, Claimant will choose a second arbitrator on Respondents' behalf.

## LOCATION OF ARBITRATION

The arbitration hearing shall take place in Charlotte, North Carolina, Claimant's principal place of business.

Dated:  August 2, 2005
        New York, New York

                                           **STROOCK & STROOCK & LAVAN LLP**

                                           By: _____
                                                Michele L. Jacobson
                                         *Attorneys for Claimant*
                                         Security Insurance Company of Hartford Itself and
                                         as Successor in Interest to The Fire and Casualty
                                         Insurance Company of Connecticut, and The
                                         Connecticut Indemnity Company
                                         180 Maiden Lane
                                         New York, New York 10038
                                         (212) 806-5400

SSL-DOCS2 70234816v2