# EXHIBIT 7

# STROOCK

By Certified Mail and
United Parcel Service

August 2, 2005

Michele L. Jacobson
Direct Dial 212-806-6067
Direct Fax 212-806-9067
MJacobson@stroock.com

Commercial Risk Reinsurance Company Limited
44 Church Street HM 12
P.O. Box 1760
Hamilton, Bermuda HM HX

Commercial Risk Re-Insurance Company
177 Broad Street
Stamford, CT 06901

Re:   Quota Share Treaty Reinsurance Contract effective March 15, 2000, and Quota Share Treaty Reinsurance Contract effective March 15, 2001, between the reinsurers Commercial Risk Reinsurance Company Limited (Bermuda), Commercial Risk Re-Insurance Company (Vermont) and the reinsureds Security Insurance Company of Hartford, The Fire and Casualty Insurance Company of Connecticut, and The Connecticut Indemnity Company

Dear Sir or Madam:

We represent Security Insurance Company of Hartford itself and as successor in interest to The Fire and Casualty Insurance Company of Connecticut and The Connecticut Indemnity Company ("Reinsured" or "Claimant") in the above-captioned matter. This letter accompanies a Demand for Arbitration and Statement of Claim by Claimant against Commercial Risk Reinsurance Company Limited (Bermuda) and Commercial Risk Re-Insurance Company (Vermont) (collectively, the "Reinsurers" or "Respondents"), both of whom participated in the following Reinsurance Agreements which provided reinsurance coverage for losses occurring under the NHE Workers' Compensation Program, including the CraneComp, The Horizon Workers' Compensation Program and Transportation Group: (i) the Quota Share Treaty

August 2, 2005
Page 2

Reinsurance Contract incepting March 15, 2000; and (ii) the Quota Share Treaty Reinsurance Contract incepting March 15, 2001 (the "Reinsurance Agreements").

As per the arbitration clause of the Reinsurance Agreements, Article XXXII, all Reinsurers shall constitute and act as one party for purposes of arbitration. Notwithstanding, the accompanying Demand constitutes a separate Demand for Arbitration against each Reinsurer.

Claimant is also simultaneously serving separate arbitration demands upon the Respondents under the reinsurance agreements covering the California Waste Haulers Association Inc. Insurance Program; the HPP Workers' Compensation Program; and the ORS Workers Compensation Program, and the facultative reinsurance certificates covering the Anchor Glass Corporation's Workers' Compensation and Employers Liability Risk policy; Bed, Bath & Beyond's Workers' Compensation and Employee Liability policies; and Hanson PLC's Workers' Compensation, Commercial Automobile Liability, and General Liability policies. In the event that Respondents agree to a consolidated arbitration proceeding for all of the above disputes, Claimant consents to such consolidation. However, in the event that Respondents are unwilling to consolidate arbitration proceedings, Claimant shall proceed against Respondents for the incurred losses under each of said reinsurance agreements separately.

Very truly yours,

Michele L. Jacobson

Encl.
MLJ:rh